[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has instituted this suit seeking to recover on a promissory note signed by the defendants on May 17, 1991. The note provided for the defendants to pay the Bank of New Haven the sum of $93,000.00 on demand, and with monthly payments of interest at the rate of 9.5% per year commencing September 17, 1991. The note was later transferred to the plaintiff which has now commenced this action to recover the principal sum of $91,500.00 plus interest, cost of collection and reasonable attorney's fees.
The evidence has established that the defendants defaulted on the payment of the interest which commenced September 17, 1991. On December 31, 1991 the defendants met with Joanne Miller a loan officer of the Bank of New Haven, and the defendants proposed payments of $500.00 per month on the principal, and no payment of interest. As a result of the financial condition of the defendants the bank accepted the proposal by letter dated March 23, 1992. The letter stated the $500.00 monthly payments were to commence April 10, 1992. There was no written modification of the original note, and this agreement was to provide temporary relief for the defendants until their financial condition improved.
On April 1, 1992 the Bank of New Haven received a check for $500.00 together with a covering letter from defendant Denz indicating an intent to send a check for that sum each month. The covering letter referred to the debt of $93,000.00, and indicated CT Page 13767 the $500.00 monthly payments were intended to reduce that principal sum. A copy of the letter was sent to the defendant Errato. On June 15, 1992 an additional payment of $1,000.00, credited on July 30, 1992, reduced the principal to $91,500.00.
A memo of Joanne Miller contained within the files of Bank of New Haven and dated January 11, 1993 states "Mr. Denz and partner, Mr. Errato recently requested a $1,5000.00 release on a $90,000.00 debt at TBNH. We declined." Joanne Miller also testified that the proposed reduction of the amount to $15,000.00 was disapproved and the defendants were verbally advised of the rejection of their proposal.
An Asset Report of January 29, 1993 of Bank of New Haven states that the present asset balance of this note is $91,500.00. It also indicates Mr. Denz requested a release for $5,000.00 which the bank declined because he failed to provide financial information. Joanne Miller testified the sum indicated was a typographical error and the correct figure was $15,000.00. The bank file contains no information indicating a restructuring of the loan, and a modification of the loan would require the approval of two officers of the bank.
On September 15, 1994 the plaintiff The Cadle Co. entered into an agreement with the Bank of New Haven for the purchase of loans. Bank of New Haven then assigned its rights in the promissory note of the defendants to The Cadle Co., which has instituted this suit as a holder in due course. The plaintiff claims the principal sum of $91,500.00 plus interest of $53,039.69 for the total sum of $144,539.69 is due as of August 24, 1999.
The defendants argue the plaintiff failed to prove it is a holder of the note because it failed to produce the original note during the course of the trial or that the plaintiff failed to prove the note was properly transferred to the plaintiff by the Bank of New Haven. A review of the answer filed by the defendant and the affidavit of defendant Errato (Exh. 8) indicates the defendants admitted the execution of the note, and a clear photostatic copy of the note was attached to the complaint. During the trial a photostatic copy of the note was introduced as an exhibit and the defendants' objections to its admissibility were found "without merit." Cadle Co. v. Ginsburg,51 Conn. App. 392 (1998); See 42-3-308 (a). CT Page 13768
In addition to the admission in the pleadings the evidence presented by the plaintiff by testimony from Joanne Miller, a loan officer of the Bank of new Haven, clearly proved the execution of the note by the defendants. Also the testimony of Nicholas Valorie a representative of the plaintiff established the plaintiff was a holder in due course of the note, which was properly transferred to the plaintiff by the Bank of New Haven.
The defendant also contends the statute of limitation defense bars the plaintiff from recovering on the note because an alleged demand on the note was made on December 31, 1991 and suit was commenced more than six years later. This argument is also without merit because the defendants' discussions with the Bank of New Haven only related to proposals for payment of the debt which then resulted in payments of defendants on April 1, 1992 and July 30, 1992. These payments then reduced the principal sum due to $91,500.00. Both defendants were involved in the financial arrangement and the payments made to the Bank of New Haven, and thus the statute of limitations was tolled as to both defendants. The defendant argues the plaintiff failed to offer competent or reliable proof, of the debt. The evidence did establish the principal owed to Bank of New Haven at the time of the sale to the plaintiff was $91,500.00. The proposal accepted from the defendants prior to the sale of the note to the plaintiff regarding interest payments was conditioned on the receipt of payments of $500.00 per month commencing April 10, 1992. The defendants defaulted on these payments after July 30, 1992. Therefore, after the default the defendants were liable for the principal sum plus interest as provided in the note.
The defendant Robert Errato testified that although he signed a note in 1991 for the Bank of New Haven he denies the signature on the notes (Pl. Exh. 1) is his signature. A comparison of his signature on the affidavit signed by him, as well as his drivers license leads to the conclusion that he signed the note. This conclusion is supported by his admissions as well as the testimony of Joanne Miller who testified regarding his involvement in the execution of the note.
For the foregoing reasons judgment is entered for the plaintiff to recover from the defendants $91,500.00 plus interest at the rate of 9.5% per year from July 30, 1992, plus taxable costs.
Howard F. Zoarsk CT Page 13769 Judge Trial Referee